SHAW, DEMANDANTE Y APELADO, *v.* RODRÍGUEZ ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 1536.—Resuelto en febrero 24, 1917.

APRECIACIÓN DE LAS PRUEBAS—ALEGATO DEL APELANTE—EXAMEN DE LOS HECHOS.—Cuando se alega que la corte inferior cometió error en la apreciación

de las pruebas, debe hacerse en el alegato escrito un examen detenido de los elementos probatorios aportados al juicio que convenza al Tribunal Supremo de tal afirmación.

OBLIGACIONES—PRUEBAS DE SU CUMPLIMIENTO Y EXTINCIÓN—PRESUNCIÓN JURIS-TANTUM.—De acuerdo con el artículo 1182 del Código Civil, concordante con el 108 de la Ley de Evidencia en procedimientos civiles, la prueba de una obligación corresponde a la parte que reclama o exige su cumplimiento, y la de su extinción a la que la opone o niega; siendo presunción contra la extinción de la obligación, mientras no se destruya por prueba en contrario, el hecho de encontrarse en poder del acreedor el documento o pagaré que la demuestra.

ALEGATO DEL APELANTE—ERRORES NO ALEGADOS EN EL MISMO.—Señalado como error en el acto de la vista del recurso que la demanda no determina una causa de acción, por no contener alegación alguna de que además de haber sido suscrito el pagaré por el deudor había sido entregado al acreedor, sin que, de acuerdo con el artículo 42 del reglamento, se hubiera determinado en el alegato escrito, no siendo éste error fundamental, ni perjudicando la omisión los derechos del apelante, procede, conforme el artículo 43, al resolver el caso, dejar de tomarlo en consideración.

SENTENCIA—APELACIÓN—ENMIENDA DE SENTENCIA APELADA—ÓRDENES NUNC PRO TUNC.—Apelada una sentencia por la cual se condena al demandado a satisfacer al demandante el importe del pagaré que dió origen a la acción, y enmendada después por la corte sentenciadora adicionándole el pago de los intereses reclamados en la demanda, sin que a ello se hubiera opuesto el demandado, la Corte Suprema, por la enmienda ordenada, no pierde su jurisdicción sobre la sentencia contra la cual se interpuso el recurso, y la tiene para considerar dicha sentencia y su enmienda, pues la sentencia original no queda sustituída ni anulada por la sentencia enmendada, y la fecha de la sentencia primitiva es la que rige, debiendo considerarse la enmienda subsiguiente como una orden *nunc pro tunc.*

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Juan B. Huyke* y *Francisco González.*

Abogados del apelado: *Sres José* y *Manuel Tous Soto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 26 de julio de 1913 Oliver Shaw presentó demanda ante la Corte de Distrito de Humacao en cobro de dinero contra la Sucesión de A. Rodríguez Cruz constituída por su viuda y diez hijos legítimos que se nombran en dicha demanda, alegando como hechos determinantes de su acción los siguientes:

1º. Que Antonio Rodríguez Cruz tomó en préstamo al demandante varias partidas de dinero que en 1.º de julio de 1912

sumaban la cantidad de $651.53, los que se obligó Rodríguez Cruz a pagar en la forma, día y condiciones consignadas en un documento privado, inserto literalmente en la demanda.

En ese documento, que aparece suscrito por el deudor A. Rodríguez y por los testigos Marcelo Centeno y Gregorio Rodríguez en 1.° de julio de 1912, se obligó Rodríguez a pagar en 1°. de julio de 1913 a Oliver Shaw o a su orden, la cantidad de $651.53, valor recibido de dicho señor con costas y demás perjuicios que se originaran para su cobro en caso de no verificarse el pago en la fecha indicada, y el interés del 1% mensual correspondiente a la demora.

2°. Que Antonio Rodríguez Cruz falleció el día 9 de diciembre de 1912 dejando como únicas personas con derecho a sucederle a sus diez hijos legítimos relacionados en la demanda, seis de ellos menores de edad, y a su viuda Leocadia Rodríguez en cuanto a la cuota usufructuaria correspondiente, cuyas personas han estado en posesión y disfrutan de los bienes del finado.

3°. Que ni Antonio Rodríguez Cruz ni sus herederos, ni otra persona, han pagado al demandante la expresada cantidad de $651.53, ni parte de ella, ni los intereses devengados desde el día 1°. de julio de 1913, cuyo pago ha reclamado el demandante a la viuda e hijos mayores del finado.

La demanda concluye con la súplica de que se dicte sentencia condenando a los demandados al pago de la suma adeudada de $651.53 con sus intereses al tipo del 1% mensual desde el 1°. de julio de 1913 hasta su completo pago, y las costas y honorarios que se originen con el pleito al demandante.

A la anterior demanda opusieron los demandados la excepción previa de que los hechos en ella alegados no determinan una causa de acción, cuya excepción fué declarada sin lugar por orden de 7 de diciembre de 1913, y habiendo formulado contestación aceptaron los hechos 1°. y 2°. de la demanda, pero no el tercero, alegando que la cantidad objeto del pagaré había sido pagada por Rodríguez.

Celebrado el juicio la corte dictó sentencia en 5 de noviem-

bre de 1915 por la que "declara con lugar la demanda y con-
denó a los demandados a satisfacer al demandante la suma
de $651.53, importe del pagaré que dió origen a la acción. ejer-
citada por Oliver Shaw sobre cobro de dinero, debiendo los
demandados pagar las costas."

Contra esa sentencia interpuso la representación de los
demandados recurso de apelación para ante esta Corte Su-
prema, y ya interpuesto el recurso, la corte, por orden de 10
de abril de 1916, a solicitud del demandante, dispuso se regis-
trara una nueva sentencia adicionando a la anterior en su
parte dispositiva el pago de los intereses reclamados en la
demanda.

Funda la parte apelante su recurso en que la corte cometió
error en la apreciación de las pruebas, pero se limita a afirmar
la existencia de dicho error sin que haga un examen detenido
de los elementos probatorios aportados al juicio para conven-
cernos de tal afirmación.

Hemos examinado la evidencia propuesta por ambas par-
tes y atendiendo al resultado de ella y a las admisiones de la
parte demandada en su contestación a la demanda, no encon-
tramos que la corte de Humacao cometiera el error que se le
imputa. La parte demandada admitió la existencia de la
obligación cuyo cumplimiento se le reclama y la única cuestión
en *issue* es la de si esa obligación ha sido extinguida mediante
pago.

El artículo 1182 del Código Civil establece que la prueba
de las obligaciones incumbe al que reclama su cumplimiento
y la de su extinción al que la opone, y concordante con ese
artículo, preceptúa el 108 de la Ley de Evidencia en procedi-
mientos civiles, que la prueba de la obligación corresponde a
la parte que exige su cumplimiento, y la prueba de su extinción
corresponde a la parte que la niega.

La existencia de la obligación, además de haber sido ad-
mitida en su contestación por la parte demandada, ha sido
probada en el juicio testifical y documentalmente, pero no
así la extinción de la obligación mediante pago.

Contra la extinción de la obligación existe además la presunción de encontrarse en poder del acreedor el documento o pagaré que la demuestra, cuya autenticidad no ha sido negada por el demandado, y dicha presunción no ha sido destruída por prueba en contrario.

No sostuvo la apelante en su alegato escrito la excepción de que los hechos expuestos en la demanda no determinan una causa de acción, pero en el acto de la vista la sostuvo oralmente fundándola en que dicha demanda no contenía la alegación de que además de haber sido suscrito el pagaré por el deudor había sido entregado al acreedor. El artículo 42 del Reglamento de esta corte ordena que el apelante en su alegato escrito exponga los errores en que funda su recurso, ordenando el artículo 43 que la corte, al resolver el caso, podrá dejar de tomar en consideración aquellos errores que no se hayan señalado, a no ser que sean fundamentales. La omisión que alega el apelante para que se califique de defectuosa la demanda, atendidas las circunstancias del caso, no puede calificarse de error fundamental, y tampoco aparece que por esa omisión haya sido perjudicado en sus derechos, por lo que nos abstenemos de tomarla en consideración.

Ni queremos hacer caso omiso de la cuestión levantada en el acto de la vista por el abogado de la demandada, consistente en que la corte carecía de jurisdicción para conocer del recurso por no existir en el récord la nueva sentencia que debió haberse registrado enmendando la primitiva, habiendo sido ésta la apelada, y no la segunda que vino a sustituirla. La sentencia con su enmienda ha sido traída a esta corte por haberse concedido permiso para ello a la parte apelante.

Entendemos que esta corte, por la enmienda ordenada, no perdió su jurisdicción sobre la sentencia contra la cual se interpuso el recurso, y que la tiene para considerar dicha sentencia y su enmienda, pues ésta fué accidental, conforme con el pedimento de la demanda, y no se hizo oposición a ella por la parte demandada.

En el caso de *Martínez* v. *Delgado* et al. 18 D. P. R. 382,

dejamos establecido que apelada una sentencia y modificada en ciertos extremos sin importancia, previa notificación y consentimiento de la parte apelada, por la corte sentenciadora, después de interpuesto el recurso, la sentencia original no queda sustituída ni anulada por la sentencia enmendada y la fecha de la sentencia primitiva es la que rige, debiendo considerarse la enmienda subsiguiente como una orden *nunc pro-tunc* o relativa a la sentencia original, y el recurso interpuesto y pendiente no queda perjudicado por dicha modificación.

Por las razones expuestas es de confirmarse la sentencia apelada que dictó la Corte de Distrito de Humacao en 5 de noviembre de 1915, con la adición posterior hecha a la misma ordenando el pago de los intereses reclamados en la demanda.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.