## GOICO, DEMANDANTE Y APELADA, *v.* RODRÍGUEZ ET AL., DEMANDADAS Y APELANTES.

### APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2102.—Resuelto en mayo 28, 1920.

OBLIGACIONES—INTERÉS DESPUÉS DEL VENCIMIENTO—INTERÉS LEGAL.—Cuando una obligación que devenga intereses no expresa el tipo de interés que deberá pagar el deudor después del vencimiento, el acreedor no podrá cobrar en tal caso otro tipo que el legal.

Los hechos están expresados en la opinión.

Abogado de las apelantes: *Sr. J. Sabater.*

Abogados de la apelada: *Sres. Benet y Souffront.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Una obligación montante a $1,644.15 había sido garantizada por hipoteca que contiene las siguientes cláusulas:

"1. La hipoteca se constituye por cinco años y al interés de doce por ciento anual pagadero en la siguiente forma: $328.83 de capital y $197.29 de intereses, en todo el mes de diciembre de 1915; $328.83

de capital y $157.83 de intereses, en el mes de diciembre de 1916; $328.83 de capital y $108.37 de intereses en todo el mes de diciembre de 1917; $328.83 de capital y $78.91 de intereses en todo el mes de diciembre de 1918, y los $328.83 restantes de capital y $39.45 de intereses en todo el mes de diciembre de 1919.

"2. Vencido y no satisfecho cualquiera de los concertados plazos, se entenderá vencida toda la deuda y en su derecho el acreedor para la oportuna reclamación judicial.

"3. En aseguranza de tales obligaciones y de doscientos dólares más, para gastos y costas, inclusos los honorarios del abogado del demandante en caso de reclamación o litigio, las señoras Rodríguez y Colón, con el consentimiento y beneplácito de sus respectivos esposos don José Nicolás y don Tomás Perea, constituyen a favor de don José Arrarás y Noain, hipoteca especial voluntaria sobre la finca descrita en el hecho o motivo primero de esta escritura, gravamen que subsistirá íntegro mientras no sean totalmente cumplidas y canceladas las obligaciones que garantiza."

Los deudores satisficieron el primer plazo de intereses ascendente a la suma de $157.83, habiendo hecho otro pago de $28.15 en 1917.

En la demanda original, así como en la enmendada, se reclamaba la suma de $425.38 por intereses, o sean $129.44 de intereses que quedaron adeudando los demandados en diciembre de 1917 más $295.94 de intereses devengados desde esa fecha hasta la radicación de la demanda; y solicitaba que se dictara sentencia por la suma de $2,069.53 por capital e intereses hasta la fecha mencionada en último término más el interés del uno por ciento desde la interposición de la demanda, con $200 para costas, desembolsos y honorarios de abogado.

Las demandadas formularon entonces las siguientes alegaciones:

"1. Que en este caso la demandante solicita se dicte sentencia contra las demandadas por la suma de $2,269.53 más intereses al tipo del uno por ciento mensual desde la interposición de la demanda.

"2. Que las verdaderas sumas que adeudan las demandadas en este caso son las siguientes:

Por principal de la deuda_____ $1, 644. 15
Intereses adeudados en diciembre 1917_____ 129. 44
Intereses vencidos en diciembre de 1917_____ 108. 37
Intereses vencidos en diciembre de 1918_____ 78. 91
Intereses por siete meses desde enero de este año y nueve
    días hasta hoy _____ 23. 95

      Total de capital e intereses hasta hoy_____ $1, 984. 82

. A esta suma total debe abonarse:

$7.59 que entregaron las demandadas en café a la demandante en
    septiembre 11 de 1917;
$10.44 que entregaron las demandadas en café a la demandante en
    septiembre 20 de 1917;
$10.12 que entregaron las demandadas en café a la demandante en
    septiembre 21 de 1917.
    Total que debe abonarse, $28.15.

De este modo quedan entonces a adeudar hasta hoy la suma lí-
quida de $1,956.67 que las demandadas depositan en poder del Se-
cretario de esta Corte a disposición de la demandante.

POR TANTO: las demandadas solicitan de esta Honorable Corte se
sirva ordenar el archivo definitivo de estos autos, disponiendo que
la demandante reciba en pago total de su reclamación la suma de-
positada montante a $1,956.67, sin especial condena de costas.''

. La demandante entonces, en una segunda demanda en-
mendada, hizo las siguientes alegaciones:

''*Cuarta:* Las demandadas no satisficieron a don José Arrarás y
Noain, ni a ninguna otra persona con derecho a ello el importe del
capital adeudado y quedaron adeudando $129.44 de intereses en el
mes de diciembre de 1916, además los intereses desde diciembre de
1916 hasta la fecha ascendentes a la suma de $509.68 que con los
$129.44 que quedaron adeudando en diciembre de 1916 asciende a
la suma de $639.12.

''*Quinta:* Las demandadas abonaron en el mes de diciembre de
1917, la suma de $28.15 en café, que deducida del montante de la
deuda por intereses deja un balance a favor de la demandante de
$610.97.''

Y suplicaron a la corte que dictara sentencia por la suma
de $1,644.15 por capital más $610.97 de intereses y además
la suma de $200 convenidos para costas, desembolsos y hono-

rarios de abogado en caso de reclamación judicial y el interés del uno por ciento sobre el total de esta suma desde la interposición de la demanda enmendada o sea un total de $2,455.12.

Las demandadas entonces llamaron la atención de la corte hacia el hecho de haberse aumentado la suma reclamada no obstante la admisión hecha en la segunda demanda enmendada en cuanto al pago de $28.15 y a pesar de la conformidad de las demandadas con la segunda demanda enmendada menos en lo que respecta a la cuestión de la suma debida; manifestaron además su deseo en aceptar que se dictara una sentencia por la suma reconocida por ellas como debida; volvieron a someter la relación detallada presentada anteriormente; llamaron la atención de la corte hacia el hecho de que el primer plazo de intereses montante a $197.29 que pagaron las demandadas era mayor que el tipo de 12 por ciento que determina la ley y por tanto nulo, toda vez que calculando los intereses al doce por ciento sobre $1,644.15 desde el 9 de febrero de 1915, fecha en que se otorgó la hipoteca, hasta el 31 de diciembre del mismo año, importan dichos intereses $175.98 y no $197.29, existiendo una diferencia de $21.31 que fueron pagados demás por las demandadas en contra de la ley; y además alegaron "que las demandadas no están obligadas a pagar intereses de mora por no haberse estipulado; la demandante no puede cobrar intereses sobre intereses como pretende y menos al uno por ciento mensual; y no deben pagar las costas ni honorarios de abogado, porque se allanaron a la demanda, máxime cuando la demandante y las demandadas en 10 de julio de 1918 suscribieron un contrato de transacción de la deuda por el cual las demandadas entregarían la finca hipotecada a la demandante y ésta en cambio entregaría a las demandadas una casa sita en la calle de los Almendros de Añasco, una finca rústica de treinta cuerdas en el barrio de "Cerro Gordo" y cien dollars. Por tanto las demandadas solicitaron de la honorable corte, dic-

tara sentencia contra ellas por el montante de $1,956.67 que han depositado, sin especial condenación de costas dejando a la discreción de esta honorable corte para que resuelva de acuerdo con la equidad y justicia sobre el pago indebido de intereses del primer plazo ascendente a $197.29 que pagaron las demandadas al causante de la demandante.

La prueba aducida por la demandante en el juicio consistió en la escritura de hipoteca y en la declaración de la demandante, la cual es como sigue: Las demandadas deben del plazo de 1916, $129.44 de intereses y además todos los intereses de la deuda desde diciembre de 1916 hasta la fecha y también todo el capital pues no han abonado nada a los plazos de capital y sí solo $28.15 que abonaron en café en diciembre de 1917.

Las demandadas apelan de la sentencia que les condena a pagar la suma de $2,455.12 más los intereses de esta suma al tipo del uno por ciento desde agosto 12 de 1919, incluyendo en esa la suma de $200 convenidos para costas, desembolsos y honorarios de abogado caso de reclamación judicial.

Los siguientes son los errores que han sido alegados:

1. La corte inferior erró al condenar a las apelantes al pago de intereses de mora;

2. La corte inferior erró al condenar a las demandadas a pagar $200 para gastos, costas y honorarios de abogado, y abusó de su discreción.

3. La corte inferior erró al no hacer un ajuste de las cantidades en controversia y usar de su discreción para determinar la verdadera cantidad que debían las demandadas.

La corte inferior interpretó la hipoteca en los siguientes términos:

"Examinada detenidamente la escritura por la corte, ésta ha llegado a la conclusión de que fué expresamente convenido en la misma que las demandadas satisfarían el interés del 12 por ciento anual

sobre el importe del capital adeudado y no ha de estimarse la forma de pago y los plazos convenidos como una liquidación distinta de intereses, siendo así que las demandadas deben satisfacer a la demandante el importe total de la deuda más sus intereses no satisfechos a razón del 12 por ciento anual sobre la misma hasta su total solvento, pues esto es lo estipulado y no cabe considerar que su cobro equivalga a computar intereses de mora.

"En cuanto a la suma de $200 de honorarios reclamados por la parte demandante, es indudable que habiendo sido convenido en el contrato de hipoteca que en caso de reclamación o litigio las demandadas satisfarían al acreedor la suma de $200 por concepto de costas, desembolsos y honorarios de abogado, y apareciendo de la misma escritura que la demandante siguió el único remedio legal que tenía para el cobro de dicha deuda, y habiéndose hecho una oposición a la causa de acción de la demandante y a los otros remedios auxiliares solicitados por ésta, por el cual motivo el abogado de la demandante tuvo que comparecer varias veces ante la corte y compareció asimismo a la celebración del juicio, la corte no ve motivo alguno por el cual los demandados no deben ser condenados a satisfacer dicha suma de $200 así convenida."

A nuestro juicio erró la corte de distrito al conceder intereses al doce por ciento a partir de la fecha y después de vencido todo el término de la hipoteca, y por esta razón la sentencia tal como fué dictada no puede subsistir.

Y esa conclusión a que llegamos encuentra apoyo en los artículos 1067, 1068, 1075, 1076 y 1141 del Código Civil, pero aunque así no fuera estaríamos satisfechos con seguir la doctrina enunciada por la Corte Suprema de los Estados Unidos, como se indica en la cita que a continuación hacemos:

"Está bien establecido que el tipo convencional de intereses será permitido después de vencida la obligación cuando existe estipulación en este sentido, y también ha sido frecuentemente resuelto que tal tipo puede permitirse aún en ausencia de un convenio expreso en tal sentido cuando de los términos de la obligación misma interpretados debidamente resulta enteramente manifiesto que ésta fué la intención de las partes, como por ejemplo en el caso de un pagaré pagadero un día después de la fecha, o un pagaré pagadero a su presentación, con intereses convenidos. Sin embargo, cuando no hay nada que indique la intención de las partes en el contrato y la cues-

tión no está resuelta por prescripción del estatuto, las autoridades están en conflicto respecto a si será o no concedido el tipo convencional o legal después del vencimiento. Según un número de decisiones el tipo convencional de interés seguirá después del vencimiento lo mismo que antes a falta de alguna estipulación hecha por las partes. Por otro lado las cortes en un número de Estados sostienen que bajo tales circunstancias el tipo legal de interés y no el tipo convencional será permitido después del vencimiento. Esta es la regla generalmente aplicada por la Corte Suprema de los Estados Unidos pero ese tribunal ha resuelto que la cuestión es siempre de ley local y que cuando se ha establecido una regla diferente rige en esa localidad. Tiene bastante fundamento el argumento de que cuando el contrato nada dice en cuanto al tipo de interés después del vencimiento debe permitirse el tipo legal. Aquellos que sostienen una teoría distinta alegan que es una presunción de las partes el que el tipo anterior estipulado deba continuar después del vencimiento; pero esto se opone a la regla de que después que se ha dejado de verificar el pago el interés se da entonces no de acuerdo con el contrato sino en concepto de daños y perjuicios y entonces la regla referente a daños, el tipo legal de interés, debe regir." 15 R. C. L. 22.

Al parecer el mismo principio sería de aplicación a los varios plazos que excluyen la concesión de más del tipo legal de seis por ciento sobre cada uno de ellos después de su vencimiento, pero esto tal vez está sujeto a discusión y no es necesario que ahora sea definitivamente resuelto. Puede que tenga méritos la alegación del apelante de que sin requerimiento no se devengarán intereses de ninguna clase al vencimiento de la hipoteca en su totalidad, o en cuanto a sus diferentes plazos, después del vencimiento de cada uno de éstos. La cuestión de costas envuelve varios puntos interesantes que podrían ser discutidos por las partes.

La sentencia apelada se fundaba en una interpretación errónea del contrato que excluía la debida consideración del juez sentenciador de estas y de otras cuestiones envueltas que tampoco se han desarrollado tan ampliamente como debieran aparecer en los alegatos. En vista de las circunstancias, en vez de dictar la sentencia que debió haber dictado

la corte inferior preferimos revocar la sentencia apelada y ordenar la devolución de las actuaciones.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.