E. Solé & Co., S. en C., demandante y apelada, *v.* Herminia Sepúlveda de Sosa y su esposo Daniel Sosa, demandados y apelantes.

No. 5212.—*Sometido:* Noviembre 12, 1930. *Resuelto:* Febrero 5, 1931.

*E. Báez García,* abogado de los apelantes; *O. Souffront,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Mayagüez no cometió error al declarar sin lugar una excepción previa a la demanda. Cuando se demanda en cobro de un pagaré y la apelada alega que el pagaré fué otorgado por los demandados y entregado a ella, surge la presunción de continuidad y la demandante no tiene que alegar que el pagaré nunca salió de su posesión. La posesión, el título y otros extremos son probados en esta forma. Artículo 102, inciso 31, de la Ley de Evidencia; *Príncipe* v. *American R. R. Co. of P. R.,* 22 D. P.R. 202; *Fulladosa* v. *Castro,* 27 D.P.R. 702, y los casos respectivamente en ellos citados.

La demanda no está sujeta a ser excepcionada porque en ella aparezca que la esposa primeramente suscribió los pagarés y su esposo firmó como fiador y deudor principal. Si un esposo que paga una deuda como fiador no puede demandar a su mujer, según sostienen los apelantes, la situación

presentada es una excepción a la regla general que el marido estaba obligado a conocer en el momento en que suscribió los pagarés. Además, el marido suscribió los pagarés como deudor principal y el acreedor nada tenía que ver con las relaciones existentes entre los deudores. Hallamos que la excepción previa es enteramente frívola.

■■ Escasamente menos frívola lo era la defensa levantada por la contestación y por la prueba. La corte tenía derecho a creer, y así lo resolvió, que Herminia Sepúlveda compró un automóvil de la demandante; que ella suscribió una serie de pagarés en febrero de 1928, conjuntamente con su esposo como fiador y deudor principal; que por inadvertencia el contrato de venta condicional del automóvil no fué firmado en aquel momento pero que fué otorgado en septiembre del mismo año. No hallamos motivo para dudar de la evidencia tendente a probar esta conclusión y no importa que el letrado de la demandante ocupara la silla testifical para declarar que él fué el notario ante quien se otorgó el contrato de venta condicional y que éste debió haber sido firmado en el momento en que se suscribieron los pagarés. La corte tenía derecho a creer su declaración y evidentemente así lo hizo. Tenemos la idea de que hay suficiente prueba adicional para demostrar que los pagarés y el contrato de venta condicional estaban absolutamente relacionados entre sí. La regla que excluye la admisión de prueba oral es aplicable al contenido de un documento y no excluye prueba extrínseca para demostrar que dos contratos están relacionados entre sí y que tal fué la intención de las partes.

La teoría de los demandados en este caso fué que los pagarés suscritos por ambos deudores fueron substituídos por un contrato de venta condicional celebrado en septiembre por la esposa solamente. En esta forma el esposo trataba de relevarse a sí mismo de responsabilidad, cuando en realidad de verdad toda la prueba tendió a demostrar que el asunto en controversia pertenecía a la sociedad de gananciales y que

él sería responsable de todos modos. No había forma de eximir de responsabilidad al esposo probando un contrato de venta condicional por parte de la esposa. Nada hay en la ley que impida a una mujer suscribir un contrato condicional para la compra de un automóvil, ora tenga ella bienes privativos o no. Si ella no los tenía y el contrato fué celebrado sin el consentimiento del esposo, o no se podía inferir una agencia, en general la sociedad de gananciales no sería responsable. En este caso en particular la demandante tenía derecho a una sentencia contra ambos deudores y la sentencia apelada debe ser confirmada.

En la página 8 del alegato de los apelantes ellos manifiestan que el letrado de la parte contraria, Sr. Souffront, ocupó la silla testifical para declarar que los pagarés de febrero 24 y el contrato de venta condicional fueron todos suscritos el mismo día. Entonces los apelantes alegan que tal declaración no podía destruir el contrato escrito firmado unos siete meses después del otorgamiento de los pagarés. Entonces los apelantes dicen lo siguiente: "Es una declaración explicatoria dada por el mismo abogado de la parte contraria, quien tiene interés lógico en triunfar su caso."

Esto parecería ser, si nuestro análisis es correcto, una imputación de que el Sr. Souffront cometió el delito de perjurio mientras ocupaba la silla testifical. Se alega un motivo corrupto para destruir la fuerza de la declaración del letrado. Desde luego, no es la mejor práctica que un letrado ocupe la silla testifical en favor de sus clientes, pero surgen casos como el presente en que todos los hechos de la defensa planteada, a saber, que el contrato había sido substituído, están peculiarmente dentro del conocimiento del abogado del demandante. Estamos muy lejos de sostener que la credibilidad de un abogado no pueda ser atacada en apelación en la misma forma que la de cualquier otro testigo, pero nadie debe hacer una sugestión de perjurio a no ser con suma cautela. Esta corte tiene el derecho de revisar la conducta de

sus abogados y un alegato no debe contener insinuación alguna de perjurio contra un compañero de profesión a menos que el letrado de los apelantes esté preparado para sostenerla.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.