JUAN ABARCA, en su carácter de liquidador de ABARCA AUTO Co., INC., demandante y apelado, *v.* JUAN RODRÍGUEZ y su esposa MARÍA TERESA DELGADO, demandados y apelantes.

No. 5763.—*Sometido:* Mayo 25, 1932. *Resuelto:* Enero 17, 1933.

420

*Enrique Rincón,* abogado de los apelantes; *Harry B. Llenza,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Juan Abarca, en su carácter de liquidador de Abarca Auto Co., Inc., demandó a Juan Rodríguez y a su esposa María Teresa Delgado de Rodríguez en cobro de dinero. En la demanda se alegó que los demandados "suscribieron y entregaron" a la demandante un pagaré que se transcribe en la misma y que dice:

"Número uno.—Montante $606.00. Vencimiento marzo 10, 1929. Pagaremos solidariamente a Abarca Auto Co., Inc., en el local de su establecimiento o a su orden, el día diez de marzo de 1929 la suma de Seiscientos seis y No/100 dollars, valor recibido en préstamo y nos. obligamos también solidariamente a pagar intereses de doce por ciento anual en caso de demora y las costas y gastos que ocasione el cobro de esta deuda y los honorarios del abogado que por falta de cumplimiento, consultas y demás que fuere preciso utilizar en caso de reclamación judicial. Nos sometemos expresamente a la competencia de los Tribunales Insulares de la ciudad de San Juan. Santurce, Puerto Rico, 10 de septiembre de 1928.—(Fdo) Ma. Teresa D. de Rodríguez. J. R. Rodríguez.—Fiador. Principal."

Se alega además en la demanda que no obstante haber vencido la obligación y a pesar de los múltiples requerimientos hechos a los demandados, éstos no han satisfecho su deuda.

Los demandados excepcionaron la demanda. La excepción fué declarada sin lugar. La contestaron entonces aceptando expresamente sus hechos referentes al otorgamiento y entrega del pagaré y al no pago de la deuda. Como materia nueva constitutiva de defensa alegaron que el pagaré procedía de la compra de un automóvil y que ''al comprar dicho automóvil a los demandados Abarca Auto Co., Inc., a los dos o tres días de dicha compra observaron que la caja del carro estaba toda podrida y que tenía otros varios desperfectos por lo cual trataron de devolverlo, pero el representante de Abarca Auto Co., Inc., ofreció hacer una gran bonificación en el precio, lo cual se haría en el último pagaré, por lo cual la suma que dicho pagaré representa es ilíquida por no haberse puesto de acuerdo las partes respecto al importe de dicha bonificación.''

Los demandantes solicitaron la eliminación de la materia nueva por no ser constitutiva de defensa y la corte accedió. Señalada la vista del pleito, los demandados pidieron su suspensión a fin de poder presentar la deposición de cierto testigo y la corte no accedió. Practicada la prueba, la corte dictó sentencia en contra de los demandados, quienes apelaron para ante esta Corte Suprema señalando en su alegato la comisión de tres errores.

Por el primero sostienen que erró la corte al declarar sin lugar su excepción previa ya que la demanda no aducía hechos suficientes para determinar una causa de acción al no expresar que la demandante estaba en posesión del pagaré.

En la demanda se alegó que el pagaré fué suscrito y entregado por los demandados a la demandante copiándose en ella literalmente el documento. Es suficiente. No existe el error. En el caso de *E. Solé & Co., S. en C.*, v. *Sepúlveda*, 41 D.P.R. 813, dijo esta corte:

"Cuando se demanda en cobro de un pagaré y la demandante alega que éste fué otorgado por los demandados y entregado a ella, surge la presunción de continuidad y la demandante no tiene que alegar que el pagaré nunca salió de su posesión."

El segundo error se refiere a la negativa de la corte a ordenar la toma de la deposición del testigo Eduardo González y a suspender la vista del pleito.

Tampoco existe, a nuestro juicio. En primer lugar no consta en los autos la moción pidiendo que se tomara la deposición del testigo de que se trata que se encontraba fuera de Puerto Rico y en segundo lugar de la declaración del propio demandado Rodríguez se desprende que todo lo que hubiera podido declarar dicho testigo pudo llevarse a la consideración del tribunal por otros medios probatorios que estaban al alcance de los demandados. No se ha demostrado perjuicio.

El tercero y último error levanta la cuestión de la eliminación de lo alegado en la contestación como materia nueva constitutiva de defensa.

El motivo que tuvo la corte para acceder a la eliminación, expresado por ella misma, fué el que sigue:

"En dicha materia nueva se dice que tal oferta fué hecha por el representante de Abarca Auto Co., Inc., pero no se dice quién es el representante en cuentión ni cuáles eran sus facultades en aquella fecha, para poder determinar si tenía facultades para obligar a Abarca Auto Co., Inc."

Tenemos dudas de si es o no bastante. Pero como de hecho se permitió a la parte en la práctica de la prueba presentar su defensa y analizados todos los documentos y testimonios aportados resulta tan clara la obligación de pagar por parte de los demandados y tan improbable su indicada defensa contraria a sus propias actuaciones al abonar cantidades y suscribir nuevos pagarés por sumas líquidas dejando de satisfacer totalmente el último, creemos que no debe revocarse la sentencia apelada. El estudio de los autos produce la impresión de que se hizo justicia substancial en

el caso y que la celebración de un nuevo juicio no variaría en modo alguno la conclusión final a que llegó la corte sentenciadora.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*