BROCKWAY MOTOR TRUCK CORPORATION OF PUERTO RICO, demandante y apelada, *v.* TIBURCIO LLORENS TORRES, demandado y apelante.

No. 6001.—*Sometido:* Mayo 17, 1933. *Resuelto:* Mayo 23, 1933.

*L. Llorens Torres* y *S. León Lugo,* abogados del apelante; *Molina, Dubón & Ochoteco,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Tiburcio Llorens Torres suscribió un pagaré en unión de otras personas, obligándose mancomunada y solidariamente a pagar a la demandante Brockway Motor Truck Corporation of Puerto Rico la cantidad de $1,143.51. El documento mencionado dice así:

"Valor $1,143.51.—Vencimiento noviembre 30, 1931.—Debemos y pagaremos mancomunada y solidariamente a BROCKWAY MOTOR TRUCK CORPORATION OF PORTO RICO, o a su orden, el día TREINTA DE NOVIEMBRE DE MIL NOVECIENTOS TREINTA Y UNO, la suma de MIL CIENTO CUARENTA Y TRES DOLLARS CINCUENTA Y UN CENTAVOS, cantidad recibida a nuestra entera satisfacción y la que devenga intereses a razón del DOCE POR CIENTO anual hasta su total pago.—Expresamente nos sometemos a la competencia de la Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico, en caso de acción o reclamación judicial, a que dé lugar la cobranza del presente pagaré, obligándonos así también a satisfacer cuantas costas, gastos y honorarios de abogados en caso de reclamación judicial, y aunque los procedimientos se sigan en nuestra rebeldía.—Ponce, Puerto Rico, Junio 4 de 1931.

—(Firmados Helen Buchanan Jones.—Juan Emanuelli.—Tiburcio Llorens.—Por mi como presidente de la Central Juliana Inc. (Fdo.) Walter McK. Jones.)—*Affidavit* No. 2074.—Suscrito ante mí, hoy día 4 de junio de 1931, por Walter McK. Jones, Helen Buchanan Jones, Juan Emanuelli y Tiburcio Llorens, mayores de edad, casa dos, propietarios y vecinos los dos primeros de Villalba, el tercero de Coamo y el último de Ponce, a quienes doy fe de conocer personalmente.—(Firmado) Félix Ochoteco Jr.—Notario Público.''

La demandante ejercita esta acción contra el mencionado Tiburcio Llorens Torres en su carácter de deudor solidario para reclamar el cumplimiento de la obligación principal y además el pago de la cantidad de $200, que estima justa y razonable por los servicios profesionales de la firma de abogados Molina, Dubón & Ochoteco. Alega la demandante que ha contratado estos servicios con la referida firma, para exigir, por la vía judicial, el cumplimiento de la obligación contraída.

Solicitó el demandado la eliminación de la alegación relacionada con los honorarios de abogado, y la corte declaró sin lugar esta moción eliminatoria, así como la excepción previa que se presentó después sobre la base de que la demanda no aduce hechos suficientes para determinar una causa de acción.

No conforme el demandado con estas resoluciones, pidió que se dictase sentencia para establecer recurso de apelación ante el Tribunal Supremo. Así lo hizo la corte inferior, declarando con lugar la demanda jurada de acuerdo con lo solicitado por el Sr. Llorens Torres.

Alega el demandado que la corte inferior cometió error al declarar sin lugar la moción solicitando la eliminación de la alegación fijando una cantidad determinada para honorarios de abogados. Según se desprende del texto de la obligación, los suscribientes de la misma se obligaron a pagar costas, gastos y honorarios de abogados en caso de reclamación judicial. El contrato celebrado por la demandante con sus abogados, fijando la cuantía de sus servicios, no impone obligación alguna al demandado en cuanto a la valoración de estos honorarios. Sin embargo, habiéndose compro-

metido los suscribientes del pagaré a satisfacer honorarios de abogados en caso de reclamación judicial, el demandado queda obligado como deudor solidario a pagar una suma razonable, que puede ser estimada por la corte al dictar su fallo sobre la suma principal, sin necesidad de acudir a un procedimiento ulterior.

■ La cuestión ha sido directamente planteada por la demandante en sus alegaciones. El demandado, si no estaba conforme con la suma reclamada por honorarios, pudo negar la valoración de los mismos, para provocar la controversia y colocar a la corte en condiciones de rendir su fallo, después de haber oído la prueba. Lejos de hacerlo así, solicitó y obtuvo moción sobre las alegaciones, y no siendo excesiva la cantidad reclamada y habiéndose alegado en la demanda que la misma es justa y razonable, entendemos que debemos aceptar, sin que proceda alterarlo o modificarlo, el fallo de la corte inferior.

Esta corte, en el caso de *American Colonial Bank* v. *Rossy*, 39 D.P.R. 564, se expresó en los siguientes términos:

"Aquí existen los requisitos que faltaban en el caso de A. Álvarez y Hnos., esto es, la Corte, visto el previo acuerdo de las partes contratantes y la expresa alegación del demandante en su demanda, fijó en su sentencia el montante de los honorarios. No precisaba esperar el procedimiento ulterior que la ley establece para cuando el montante queda indeterminado. Es la corte la que tiene también jurisdicción para fijar el montante en esa segunda etapa del procedimiento, y no era necesario esperar a ella porque la parte demandante como hemos indicado se cuidó de plantear desde el primer momento no sólo la procedencia de los honorarios por virtud del acuerdo de los propios contratantes, sino su cuantía, dándose así la debida oportunidad a los demandados para discutir ambas cuestiones."

■■ Se alega además por el demandado que en el pagaré mencionado los firmantes de la obligación dejaron de obligarse solidariamente al pago de honorarios de abogado y que no puede dictarse sentencia contra él por toda la suma que se reclama. No se deduce del texto del pagaré que la responsabilidad contraída por los suscribientes del mismo no sea

solidaria. Comienzan los suscribientes por decir que se obli-
gan mancomunada y solidariamente a pagar una suma deter-
minada y luego exponen que se someten a la competencia de
la Corte de Distrito del Distrito Judicial de San Juan, en
caso de reclamación judicial, obligándose también a satisfacer
costas, gastos y honorarios de abogado. La obligación con-
traída tiene el carácter de principal en cuanto a la suma adeu-
dada y el carácter de accesoria en cuanto a las costas que se
originen en caso de que se reclame el cobro del crédito por la
vía judicial. Las costas surgen como cuestión accesoria
cuando los suscribientes de la obligación han incurrido en
mora y el acreedor acude a los tribunales para hacer efec-
tiva la obligación.

También alega el demandado que la corte inferior
cometió error al declarar sin lugar la excepción previa a la
demanda basada en no aducir hechos suficientes para consti-
tuir una causa de acción. Se basa esta excepción en que el
pagaré que se inserta en la demanda aparece suscrito por
varias personas, las cuales se obligan a pagar mancomunada
y solidariamente a la Brockway Motor Truck Corporation of
Puerto Rico la cantidad de $1,143.51, no habiendo alegación
alguna que exima de pago a los otros firmantes del pagaré,
ni hechos específicos que expliquen por qué se exige todo su
pago al Sr. Llorens. La cuestión planteada por el apelante
ha sido ya resuelta por este Tribunal en el caso de *Millón &
Cía. Sucrs.* v. *Caamaño*, 38 D.P.R. 198. En este caso dijo la
Corte:

"En cuanto al significado y valor jurídico del contexto de dicho
pagaré, las palabras con que empieza: 'Pagaremos solidaria y man-
comunadamente' declaran la existencia expresa de una obligación so-
lidaria: y la firma de dos personas al pie de ese documento no puede
interpretarse ni aceptarse en forma alguna que no sea la de darle el
carácter de obligados en ese contrato."

    \*      \*      \*      \*      \*      \*      \*

"En el documento presentado se dice:
" 'Pagaremos solidaria y mancomunadamente. . .. etc.'

128

"Esta forma de establecer la obligación no es otra cosa que la expresión de la solidaridad, de la constitución de responsabilidad *in solidum,* en bloque en cuanto a los deudores, y dando al acreedor las facultades y derechos especiales de esta clase de obligaciones, entre ellas, la de reclamar el cumplimiento por cualquiera de los obligados, y en la totalidad de la prestación."

█ Arguye el abogado del demandado apelante que las palabras "mancomunada y solidariamente" unidas por la conjunción copulativa "y" resultan antagónicas y no pueden subsistir, y que debe emplearse la disyuntiva "o" para determinar expresamente la solidaridad. No vemos nosotros el antagonismo. No tiene importancia a nuestro juicio que no se haya usado la disyuntiva "o" como alega el ilustrado abogado de la parte demandada. Los suscribientes de la obligación se obligan mancomunada y también solidariamente. Incumbe al acreedor exigir la responsabilidad mancomunada o la responsabilidad solidaria. Si elige la última, cualquiera de los suscribientes de la obligación está obligado a pagar la totalidad de la misma. Claro está que no cabe exigir al mismo tiempo ambas responsabilidades, y por lo tanto no existe la posibilidad de que surja el antagonismo a que se refiere el abogado de la parte demandada.

*Opinamos que la corte inferior no cometió ninguno de los errores que se le atribuyen y que debe confirmarse la sentencia apelada.*