RAMONA MUÑOZ VIUDA DE ALONSO, demandante y apelada, *v.* RAMÓN NIEVES LUYANDO, demandante y apelante.

Núm. 7347.—*Sometido:* Marzo 10, 1938. *Resuelto:* Junio 24, 1938.

*Dubón & Ochoteco,* abogados del apelante; *R. Díaz Collazo,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Ramona Muñoz Viuda de Alonso demandó a Ramón Nieves en cobro de pesos. Alegó que Nieves, en unión de José

del Llano, en marzo 31, 1923, suscribió y le entregó un documento por virtud del cual se obligó a pagar en septiembre treinta siguiente, seiscientos dólares, valor recibido, con intereses al uno por ciento mensual a satisfacerse cada treinta días. El pagaré se transcribe en la demanda. Contiene la obligación de pagar también las "costas, gastos y honorarios de abogado en que incurra dicha acreedora para el cobro de este crédito." No contiene pacto alguno con respecto al pago de intereses después de vencida la obligación.

Alegó además que la deuda estaba vencida desde septiembre 30, 1923, que no obstante los requerimientos de la demandante el demandado no la había satisfecho en todo o en parte, sin que tampoco hubiera satisfecho en todo o en parte los intereses por cuyo concepto le adeudaba novecientos dólares, montando, en tal virtud, la obligación a mil quinientos dólares, por cuya suma pidió sentencia con costas, gastos, desembolsos y honorarios de abogado.

Emplazado el demandado alegó por vía de excepción previa que la demanda no aducía hechos suficientes para constituir una causa de acción. Y el cuatro de mayo de 1936, la corte de distrito resolvió el pleito por sentencia en los siguientes términos:

"En el día de hoy, 4 de mayo de 1936, se llamó a vista la excepción previa formulada por el demandado de que la demanda no aduce hechos suficientes para constituir una causa de acción. Compareció la demandante por su abogado. El demandado no compareció por sí ni por abogado alguno que lo representara. La demandante solicitó que se dictara sentencia a su favor por tratarse de una excepción a todas luces frívola.

"Se trata de una acción en cobro de dinero que tiene su origen en un pagaré suscrito solidariamente por el demandado y ante notario. A los fines de la excepción aducida tenemos que aceptar como ciertas todas las alegaciones de la demanda. Ésta, a nuestro juicio, aduce todos los elementos necesarios para esta clase de acciones. Se alega en la misma la obligación contraída por el demandado, que ésta está vencida y que no obstante haber sido requerido de pago no ha

satisfecho ni en todo ni en parte la obligación contraída ni tampoco sus intereses devengados desde marzo 31, 1923 y vencidos. La excepción previa presentada es frívola y dilatoria. *Morales* v. *Iglesias,* 49 D.P.R. 235; *Mora* v. *Rivera,* 25 D.P.R. 493; y *Muñoz* v. *El Cenit,* 27 D.P.R. 29 y casos citados en el primero.

''Se declara con lugar la moción de la demandante y, en su virtud, se dicta sentencia declarando con lugar la demanda y condenando al demandado Ramón Nieves Luyando a pagar a la demandante Ramona Muñoz Viuda de Alonso la suma de $600 con sus intereses al 1% mensual, desde el 21 de marzo de 1923 hasta la fecha de su total pago, más las costas, gastos y honorarios de abogado.''

Pidió reconsideración de la sentencia el demandado, alegando que aun cuando fué notificado de la moción de la demandante solicitando la inclusión del pleito en el calendario especial de mayo 4, 1936, para la discusión de su excepción previa, no recibió noticia de la inclusión, motivo por el cual dejó de comparecer; que su excepción no es frívola porque en la demanda no se alega que la demandante sea dueña y actual tenedora del pagaré, ni que éste no ha sido pagado por el otro deudor solidario; que no fué notificado de moción alguna para que se registrara sentencia y que el registro de la misma le privaba de su derecho a pedir que se le exhibiera el documento a los efectos de negar su autenticidad y también de alegar como defensa la prescripción, y, por último, que la condena al pago de intereses al doce por ciento anual era contraria a la ley, por no resultar convenido expresamente su pago a ese tipo.

Por resolución fundada de junio 5, 1936, negó la corte sentenciadora la reconsideración y la apelación interpuesta siguió su curso hasta verse en diez de marzo último.

Abandona el apelante su contención de no haber sido notificado para la vista de la excepción previa, pero insiste en que la demanda es insuficiente, en que la corte no tenía autoridad para dictar la sentencia en la forma en que lo hizo y en que erró al condenarlo a pagar intereses al uno por ciento mensual.

Debemos partir de la base, pues, de una demanda, una excepción previa de falta de causa de acción y una vista celebrada para oír la misma a la que dejó de comparecer sin causa justificada el demandado.

La demanda es suficiente. La hemos resumido. No era necesario que alegara expresamente que la demandante era dueña y actual tenedora del pagaré en que se funda. Alegó, transcribiendo el pagaré, que éste fué suscrito y entregado por el demandado a la demandante, y ello es bastante. "Cuando se demanda en cobro de un pagaré y la demandante alega que éste fué otorgado por los demandados y entregado a ella, surge la presunción de continuidad," dijo esta corte en *Solé & Co.* v. *Sepúlveda,* 41 D.P.R. 813, y ratificó en *Abarca* v. *Rodríguez,* 44 D.P.R. 419, 422. Que era dueña, surge implícito de todas las alegaciones de la demanda.

Tampoco era necesario que alegara expresamente que la obligación no había sido satisfecha por el otro deudor solidario. Alegó su vencimiento, su no pago por el demandado, deudor solidario, y bastaba. "De acuerdo con el artículo 1182 del Código Civil, concordante con el 108 de la Ley de Evidencia en procedimientos civiles, la prueba de una obligación corresponde a la parte que reclama o exige su cumplimiento, y la de su extinción a la que la opone o niega; siendo presunción contra la extinción de la obligación, mientras no se destruya por prueba en contrario, el hecho de encontrarse en poder del acreedor el documento o pagaré que la demuestra." *Shaw* v. *Rodríguez, et al.,* 24 D.P.R. 871. "Además, la presentación de un pagaré por cualquier tenedor impone al obligado el deber de demostrar que el pagaré ha sido satisfecho." *Royal Bank* v. *McCormick,* 27 D.P.R. 414. Véase *Broackway Motor Truck Corp.* v. *Lloréns,* 45 D.P.R. 123, en el que se trataba de una excepción previa.

¿Pudo la corte acceder a lo solicitado por la demandante, esto es, tuvo facultad para dictar sentencia al declarar la excepción sin lugar?

Desde hace más de veinte años dijo y resolvió esta corte en *Mora* v. *Rivera et al.*, 25 D.P.R. 493, 495:

"La moción del demandante solicitando la desestimación de la excepción previa por no haber comparecido a sostenerla la parte que la propuso, estaba en orden. La corte de distrito no se limitó a desestimarla, sino que la consideró en relación con la demanda y concluyó que era frívola, ya que la demanda a su juicio era suficiente y propia para registrar una sentencia sin más trámites, por tratarse de una deuda líquida, de plazo vencido."

Y recientemente, en *Morales* v. *Iglesias Silva*, 49 D.P.R. 235, 237, por medio de su Juez Asociado Sr. Córdova Dávila, se expresó así:

"La sentencia dictada al desestimar la excepción se basa en jurisprudencia sentada por esta corte. En *Mora* v. *Rivera et al.*, 25 D.P.R. 493, se sostiene. . . .

"Esta doctrina está sostenida por la jurisprudencia de California. En el caso de *Barron* v. *Deleval*, 58 Cal. 95, 97, se dijo lo siguiente, interpretando el artículo 472 del Código de Enjuiciamiento Civil de California, equivalente al 139 del Código nuestro:

" 'El artículo 472 del Código de Enjuiciamiento Civil dispone que cuando una excepción previa a la demanda es desestimada y no se ha presentado una contestación, podrá la corte, en los términos que estime justos, permitir que se presente una contestación. Y en el caso de *Seale* v. *McLaughlin*, 28 Cal. 672, la corte dijo: "No hubo error en dictar sentencia por falta de contestación al desestimarse la excepción previa. Cuando una excepción a una demanda es desestimada, y no se ha radicado contestación, la corte puede, en los términos que estime justos, y previo pago de las costas, permitir que se radique una contestación. Pero esto no quiere decir que deba hacerse así en todos los casos. De ordinario la corte permitirá indudablemente que se radique la contestación cuando la excepción ha sido interpuesta de buena fe, con alguna razón para suponer que debiera ser sostenida. Pero en este caso no se solicitó permiso para radicar una contestación y la excepción es manifiestamente frívola e interpuesta simplemente para dilatar, sin ninguna intención de confiar en sus méritos. Es verdad que bajo las circunstancias no se hizo un uso impropio de la misma por los abogados que la presentaron. Pero no hubo error en dictar la sentencia al declarar sin lugar la excepción previa." ' "

La pregunta formulada debe, pues, contestarse en la afirmativa, agregándose que la corte sentenciadora no abusó de su discreción al negarse a dejar sin efecto la sentencia que de tal modo dictara.

El demandado tuvo la oportunidad al presentar su moción de reconsideración de demostrar que había sufrido un verdadero perjuicio si ése era el hecho y no lo hizo. Se limitó a insinuaciones y no a alegaciones positivas. No acompañó proyecto alguno de contestación que sirviera de base a la corte sentenciadora para apreciar si realmente tenía una buena defensa que oponer a la reclamación.

Resta sólo considerar la cuestión de los intereses. Para sostener su contención invoca el apelante del caso de *Goico* v. *Rodríguez et al.*, 28 D.P.R. 530, 535, lo que sigue:

"A nuestro juicio erró la corte de distrito al conceder intereses al doce por ciento a partir de la fecha y después de vencido todo el término de la hipoteca, y por esta razón la sentencia tal como fué dictada no puede subsistir.

"Y esa conclusión a que llegamos encuentra apoyo en los artículos 1067, 1068, 1075, 1076 y 1141 del Código Civil, pero aunque así no fuera estaríamos satisfechos con seguir la doctrina enunciada por la Corte Suprema de los Estados Unidos, como se indica en la cita que a continuación hacemos:

" 'Está bien establecido que el tipo convencional de intereses será permitido después de vencida la obligación cuando existe estipulación en este sentido, y también ha sido frecuentemente resuelto que tal tipo puede permitirse aun en ausencia de un convenio expreso en tal sentido cuando de los términos de la obligación misma interpretados debidamente resulta enteramente manifiesto que ésta fué la intención de las partes, como por ejemplo en el caso de un pagaré pagadero un día después de la fecha, o un pagaré pagadero a su presentación, con intereses convenidos. Sin embargo, cuando no hay nada que indique la intención de las partes en el contrato y la cuestión no está resuelta por prescripción del estatuto, las autoridades están en conflicto respecto a si será o no concedido el tipo convencional o legal después del vencimiento. Según un número de decisiones el tipo convencional de interés seguirá después del vencimiento lo mismo que antes a falta de alguna estipulación hecha por las partes. Por otro lado las cortes en un número de estados sostie-

nen que bajo tales circunstancias el tipo legal de interés y no el tipo convencional será permitido después del vencimiento. Ésta es la regla generalmente aplicada por la Corte Suprema de los Estados Unidos pero ese tribunal ha resuelto que la cuestión es siempre de ley local y que cuando se ha establecido una regla diferente rige en esa localidad. Tiene bastante fundamento el argumento de que cuando el contrato nada dice en cuanto al tipo de interés después del vencimiento debe permitirse el tipo legal. Aquéllos que sostienen una teoría distinta alegan que es una presunción de las partes el que el tipo anterior estipulado deba continuar después del vencimiento; pero esto se opone a la regla de que después que se ha dejado de verificar el pago el interés se da entonces no de acuerdo con el contrato sino en concepto de daños y perjuicios y entonces la regla referente a daños, el tipo legal de interés, debe regir.' ·15 R.C.L. 22.''

En el caso de *Caraballo* v. *Registrador,* 48 D.P.R. 923, 925, esta corte ratificó y aplicó la doctrina del caso de Goico, supra, así:

''El contrato original no contenía disposición alguna respecto al tipo de interés en caso de que no se efectuara el pago a su vencimiento. En ausencia de tal disposición los acreedores hipotecarios, si hubiesen instado acción sobre el contrato original, hubieran podido recobrar intereses a razón del 6 por ciento anual solamente a partir de la fecha del vencimiento y de la falta de pago. Véase artículo 1061 del Código Civil (ed. de 1930); *Goico* v. *Rodríguez, et al.,* 28 D.P.R. 530; *Cook* v. *Fowler,* 14 E.R.C. 546, y otros casos citados en 33 C. J. 226, sección 111, y la decisión de la Corte Suprema de España de junio 7, 1922, 156 Jur. Civ. 464.''

El error apuntado fué, pues, cometido, pero no dará lugar a la revocación de la sentencia apelada, sino a su modificación en el sentido de condenar al demandado a pagar intereses al doce por ciento hasta septiembre 30, 1923 y al seis por ciento a partir de esa fecha. *Y así modificada procede su confirmación.*

El Juez Asociado Señor Wolf disintió en cuanto a la modificación de la sentencia por entender que la sentencia debe ser totalmente confirmada.*

El Juez Asociado Señor De Jesús no intervino.

---

* NOTA: Véase el prefacio.