DOLORES VEGA RODRÍGUEZ, ET ALS., demandantes y apelados *v.* JUAN GARCÍA y ANASTACIA ACOSTA, ETC., demandados apelantes.

Núm. 8570.—*Sometido:* Febrero 12, 1943. *Resuelto:* Abril 27, 1943.

A. J. *Amadeo,* abogado de los apelantes; *José C. Jusino,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El 5 de septiembre de 1928 Juan García y su esposa Anastacia Acosta constituyeron una hipoteca sobre una casa de su propiedad para garantizar un préstamo de $700, con intereses al 12 por ciento anual, que les había hecho Antonio Vega por un término de dos años. El 19 de febrero de 1934 Vega cedió a título de venta dicho crédito hipotecario a doña Mercedes Rodríguez. Habiendo fallecido tanto la acreedora como los deudores y estando vencida la deuda, los herederos de la primera demandaron a la Sucesión García Acosta en cobro de los $700 de capital y de $588 por concepto de intereses al 12 por ciento desde febrero 19, 1934 hasta febrero 19, 1941, más $150 para costas, gastos y honorarios de abogado que se habían estipulado en la escritura de hipoteca. Los demandados se limitaron a presentar una excepción previa de falta de causa de acción, la que fué desestimada, habiéndose dictado sentencia en rebeldía en su contra por las sumas reclamadas después de celebrarse la vista correspondiente en la que los demandantes presentaron su prueba.

No conformes con dicha sentencia los demandados radicaron el presente recurso en el que alegan que la corte inferior cometió error al declarar sin lugar la excepción pre-

via porque de las alegaciones de la demanda aparece e acreedor cobrando intereses a razón de 12 por ciento anua desde el 19 de febrero de 1934 a 19 de febrero de 1941, e contra de lo dispuesto por la Ley de Usura, según quedó en mendada por la Ley núm. 5 de 1933 (2) pág. 27.

Citan los apelantes el caso de *Caraballo* v. *Regis trador,* 48 D.P.R. 923 y arguyen que apareciendo de la de manda que de acuerdo con la cesión efectuada se cobraro intereses al 12 por ciento anual, a pesar de que en la escri tura de hipoteca no se pactaron intereses en caso de mora rige por tanto el tipo legal de *6* por ciento, es evidente qu se celebró un nuevo contrato, el que es nulo, y que por est motivo la demanda no aduce una causa de acción.

En primer término diremos que del récord ante nos n aparece si se pactaron o no intereses en caso de mora al 1 por ciento pues los apelantes no han elevado la transcrip ción de la evidencia practicada por los demandantes ante la corte inferior. Lo único que aparece de la demanda es qu los deudores originales se comprometieron a pagar intereses al 12 por ciento anual. El alegarse que el acreedor cedió su crédito hipotecario a favor de la causante de los demandan tes no significa que se celebrara un nuevo contrato y en esto se distingue este caso del de *Caraballo,* supra. En el de Ca raballo se otorgó un nuevo contrato prorrogando el término del préstamo y resolvimos que el hacerse esto después de estar en vigor la enmienda a la Ley de Usura de 1933 dicho contrato no era válido en cuanto al pago de los intereses. En el caso que resolvemos lo único que se hizo fué ceder el crédito hipotecario sin que los términos del contrato original se variaran en forma alguna según aparece de las alegacio nes de la demanda. La enmienda a la Ley de Usura de 1933 no es aplicable a este caso pues el contrato fué otorgado en 1928 y la cesión del crédito no varió en nada los términos del contrato original y por tanto la obligación del deudor hipo tecario era la misma antes que después de dicha cesión.

██ Ahora bien, hay otra cuestión que sí surge de las alegaciones de la demanda en este caso y que fué levantada por la excepción previa. La demanda no contiene alegación alguna en cuanto a que en el contrato de hipoteca se pactaron intereses en caso de mora y a pesar de ello se cobran a razón del 12 por ciento anual durante todo el tiempo en que en ella incurrió el deudor. Esta corte ha resuelto tanto en el caso de *Caraballo*, supra, como en el de *Goico* v. *Rodríguez et al.*, 28 D.P.R. 530, y citamos del sumario, que ''En ausencia de disposición alguna en una obligación que devenga interés, en cuanto al tipo que deberá pagarse después de su vencimiento, el acreedor, después del vencimiento y de la mora, no puede cobrar otro tipo que el interés legal'', de acuerdo con el artículo 1061 del Código Civil. Siendo esto así, es un elemento indispensable en toda demanda en que se cobren intereses de mora a más del 6 por ciento, la alegación de que se convino un tipo de interés específico para el caso de mora que no exceda del que prohibe la Ley de Usura. Sin esa alegación la demanda no aduce una causa de acción en cuanto a los intereses de mora a un tipo mayor del 6 por ciento. Al concederlos la corte inferior erró y en su consecuencia *la sentencia apelada debe ser modificada en el sentido de condenar a los demandados al pago de los intereses de mora al tipo legal del 6 por ciento, y así modificada se confirma la sentencia.*