MORA, DEMANDANTE Y APELADO, *v.* RIVERA ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1616.—Resuelto en julio 2, 1917.

EXCEPCIONES PREVIAS — EXCEPCIÓN FRÍVOLA — SENTENCIA SOBRE LAS ALEGACIONES.—Cuando el demandado no comparece en el día señalado al efecto a sostener la excepción previa que presentara alegando que la demanda no aducía hechos bastantes para determinar una causa de acción, está en orden y debe ser declarada con lugar una moción del demandante para que se desestime la excepción y para que se dicte sentencia en contra del demandado, si la excepción es frívola y la demanda es suficiente y propia para ello.

COMPARECENCIA DE TODOS LOS DEMANDADOS, POR ABOGADO—ALEGACIÓN DE CAPACIDAD—SENTENCIA.—La comparecencia de ''todos y cada uno de los demandados'' por medio de abogado para establecer una excepción previa a la demanda, implica el reconocimiento por ellos mismos de su capacidad para alegar en juicio, y bajo esa base puede actuar la corte al pronunciar su sentencia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Pascasio Fajardo Martínez.*

Abogado del apelado: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

José Mora estableció en 19 de julio de 1916 una demanda en la Corte de Distrito de Mayagüez, en cobro de pesos, contra Pedro Pascasio Rivera y los herederos de Carmen Vélez que se designan por sus nombres. En ella alegó que en 8 de mayo

de 1915 el demandado Rivera suscribió a su favor un pagaré vencedero el 30 de noviembre de 1915, por la suma de $652, suscribiendo también dicha obligación como fiadores solidarios y principales pagadores, Carmen Vélez y Clemente Javierre; que Carmen Vélez falleció el 11 de agosto de 1915 y fueron declarados sus herederos los que se expresan en la demanda, y que la deuda estaba vencida y no había sido satisfecha, por cuyo motivo solicitaba la sentencia procedente.

El 16 de agosto de 1916 comparecieron ''todos y cada uno de los demandados'' por medio de su abogado y alegaron que la demanda no aducía hechos suficientes para determinar una causa de acción. El día señalado para la vista de la excepción, los demandados faltaron en comparecer y el demandante pidió a la corte que la desestimara y dictara sentencia en contra de los demandados. Así lo hizo la corte por entender que la demanda era suficiente, que se trataba de una cantidad líquida, de plazo vencido, y que la excepción presentada era completamente frívola. El 18 de diciembre de 1916, se registró la sentencia.

Al día siguiente, 19 de diciembre de 1916, los demandados por medio de su abogado, pidieron a la corte que reconsiderara su sentencia, (*a*) porque de la demanda no constaba que los demandados herederos de Carmen Vélez, fueran mayores de edad; (*b*) porque la demanda contenía alegaciones que eran conclusiones de derecho, y (*c*) porque solicitaba dos pronunciamientos contra el demandado Rivera. Nada se dijo en la moción con respecto al motivo por el cual dejaron de comparecer a la vista de la excepción los demandados. Tampoco se aseguró en ella que los demandados herederos de Carmen Vélez, o alguno de ellos, fueran menores de edad.

El 29 de diciembre de 1916 se discutió la moción y la corte, el mismo día, la declaró sin lugar. Los demandados entonces, el 16 de enero de 1917, interpusieron el presente recurso de apelación.

En su alegato la parte apelante sostiene que la corte erró: 1, al declarar con lugar la moción del demandante solicitando la desestimación de la excepción previa; 2, al dictar una sentencia por el mero hecho de no haber comparecido la parte a discutir la excepción que había propuesto, y 3, al declarar sin lugar la moción de reconsideración de los demandados.

1 y 2. La moción del demandante solicitando la desestimación de la excepción previa por no haber comparecido a sostenerla la parte que la propuso, estaba en orden. La corte de distrito no se limitó a desestimarla, sino que la consideró en relación con la demanda y concluyó que era frívola, ya que la demanda a su juicio era suficiente y propia para registrar una sentencia sin más trámites, por tratarse de una deuda líquida, de plazo vencido.

3. Se apeló de la sentencia. Podríamos prescindir, por tanto, de la moción de reconsideración, pero como es en ella que los demandados explican por qué estimaban que la demanda no aducía hechos suficientes para determinar una causa de acción, la consideraremos. Los fundamentos marcados con las letras *b* y *c*, no tienen mérito alguno. El señalado con la letra *a*, se refiere a una cuestión que tal vez hubiera sido de importancia, pero que en realidad no la tiene, dada la forma en que fué suscitada por los mismos demandados.

La ley sólo exige que la demanda contenga el nombre de las partes. Art. 103 del Código de Enjuiciamiento Civil. Los apelantes no han citado ningún precepto de ley, ni jurisprudencia alguna que obligue al demandante a consignar en la demanda que el demandado es mayor de edad.

En el presente caso en la demanda se consignan los nombres de todos los demandados y se expresa además que a Rivera se le demandó por sí y a los otros como herederos declarados por la corte de Carmen Vélez. La demanda cumple, pues, con la ley.

Además, la comparecencia de "todos y cada uno de los demandados" por medio de su abogado para establecer la excep-

ción previa, implicó la alegación de la capacidad de todos y cada uno de ellos para alegar en juicio, y bajo esa base fué que actuó la corte de distrito al pronunciar su sentencia.

No apareciendo que exista ningún motivo fundamental para revocarla, debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.