MUÑIZ, DEMANDANTE Y APELADA, *v.* "EL ZENIT," DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 1795.—Resuelto en enero 21, 1919.

SENTENCIA EN REBELDÍA — MOCIÓN FRÍVOLA PENDIENTE. — Como regla general, cuando está pendiente de resolverse una moción que no fuere frívola de su faz, es improcedente que en favor del demandante se registre sentencia en rebeldía; pero cuando aparece de su faz que la moción es frívola, y claramente aparece que no debe declararse con lugar la moción, o cuando la resolución de la moción en cualquier sentido no puede afectar el derecho del demandante a proseguir la causa, no constituye error que dé motivo a la revocación el que se registre sentencia en rebeldía.

APERTURA DE REBELDÍA—MOCIÓN DE TRASLADO—INADVERTENCIA, ERROR O EXCUSABLE NEGLIGENCIA.—La negativa de la corte de distrito para abrir la rebeldía por el fundamento de que estaba pendiente de resolución una moción de traslado a la fecha en que se dictó la sentencia, no constituye un error que dé motivo a la revocación de la sentencia, cuando aparece que una moción previa para anular el emplazamiento había sido eliminada por frívola, que la moción de traslado no fué acompañada por un *affidavit* de méritos y que el demandado en ningún tiempo insinuó a la corte inferior que tuviese defensa alguna sobre los méritos. Dadas las circunstancias de este caso, no puede por primera vez en apelación alegarse con éxito la inadvertencia error o excusable negligencia.

DEMANDA SUFICIENTE—ACCIÓN EN COBRO DE DINERO—LIQUIDACIÓN Ó RENDICIÓN DE CUENTAS.—La rebeldía de un demandado admite todas las materias bien alegadas en la demanda. Examinados los hechos alegados en la demanda y

que se relacionan en la opinión de este caso, *se resolvió:* que no requiere una liquidación o rendición de cuentas y que los mismos son suficientes para constituir una causa de acción.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Manuel Benítez Flores.*

Abogado de la apelada: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Manuela Muñiz, esposa superviviente de Manuel Vázquez, entabló pleito contra una compañía de seguros denominada ''El Zenit'' por la suma de $1,500, intereses legales, costas, desembolsos y honorarios de abogado.

El emplazamiento fué diligenciado en octubre 19 de 1917, y en noviembre 6 presentó la demandada una moción para anular (*quash*) dicho emplazamiento.

En noviembre 26 la corte, a instancias de la demandante declaró sin lugar dicha moción por frívola, y ordenó a la demandada a pagar a la demandante la suma de $15.00 para cubrir las costas de la comparecencia a la vista de dicha moción y además que dentro de diez días presentase una contestación sobre los méritos del caso, con la alternativa prevención de que se dictaría sentencia de acuerdo con la súplica de la demanda.

En diciembre 1°. presentó el demandado una moción para que se dejase sin efecto la orden antes mencionada haciendo constar entre otras cosas que el día de la vista arriba mencionada, o el día anterior, la demandada había presentado una moción de traslado acompañada de un *affidavit* de méritos, y que la moción de nulidad de emplazamiento había sido abandonada, circunstancias a las que aparentemente no se llamó la atención de la corte en el acto de la vista.

En diciembre 14 la corte rescindió su orden anterior y en ese mismo día el Secretario, a instancias de la demandante, anotó la rebeldía e inmediatamente después registró una sentencia por la cantidad especificada en el emplazamiento y costas.

En diciembre 26 la demandada presentó una moción para abrir la rebeldía por los siguientes fundamentos: Primero, que dicha rebeldía no debió haberse anotado mientras estuviese pendiente de discusión la moción de traslado; y Segundo, que en todo caso esa sentencia sólo podía dictarse por la corte previa solicitud en forma y notificación a la demandada.

La corte declaró sin lugar esta moción y la demandada apeló de la sentencia registrada por el secretario, de la resolución sobre la moción de traslado y de la orden declarando sin lugar la moción para abrir la rebeldía.

La corte no resolvió definitivamente la moción de traslado, pero en el curso de su resolución sobre la moción para abrir la rebeldía y antes de llegar a la parte dispositiva observó que "en primer término, la dicha moción de traslado debe ser desestimada por no haberse acompañado un *affidavit* demostrativo de que la demandada tiene una buena defensa de acción."

El apelante sostiene: primero, que la solicitud para que se anotara la rebeldía era improcedente mientras estuviesen pendientes de resolverse la moción para anular el emplazamiento, la de traslado y la moción para eliminar la moción de la demandada para anular el emplazamiento; segundo, que el secretario carecía de facultades para anotar la rebeldía o registrar sentencia en rebeldía en el presente caso; tercero, que la corte erró al desestimar la moción para abrir la rebeldía, privándole así a la demandada de su oportunidad para contestar, no obstante hallarse pendientes de resolución las mociones antes mencionadas, y no obstante la falta de autoridad por parte del secretario para registrar la susodicha sentencia en este caso; y cuarto, que la demanda no aduce hechos bastantes a constituir una causa de acción.

Como lo indica la corte sentenciadora, la moción de traslado no estuvo acompañada de un *affidavit* de méritos y (no habiéndose presentado excepción previa o contestación alguna) prácticamente no existía nada ante la corte. De los

autos no se desprende que ante la corte inferior invocase la demandada en su favor el artículo 140 del Código de Enjuiciamiento Civil, ni se nos revela base alguna para que se remedie su situación con arreglo a ese artículo, de haber estado la corte dispuesta *ex propio motu* a salirse de su derrotero para conceder semejante remedio. No aparece que en algún momento la demandada después de anotada la rebeldía haya siquiera insinuádole al juez sentenciador que tenía una buena defensa, o defensa alguna de cualquier género, sobre los méritos del caso. Si como sugiere la apelante en su alegato la falta de haber dejado de acompañar un *affidavit* de méritos se debió a la inadvertencia, error o excusable negligencia esa explicación del asunto debió haberse hecho en la corte inferior. Cualesquiera que fueren las circunstancias atenuantes, si las hubo, ellas no pueden ser sostenidas por primera vez en apelación.

Como regla general, cuando está pendiente de resolverse una moción que no fuere frívola de su faz, es improcedente que en favor del demandante se registre sentencia en rebeldía. *Atchison, Topeka and Santa Fe Ry. Co.* v. *Lambert,* Ann. Cas. 1913 E, 329 y notas.

Pero, "cuando aparece de su faz que la moción es frívola, y claramente aparece que no debe declararse con lugar la moción, o cuando la determinación de la moción en cualquier sentido no puede afectar el derecho del demandante a proseguir la causa, no constituye error que dé motivo a la revocación el que se registre sentencia en rebeldía." *Rice* v. Simmons, 89 Ark. 359; 116 S. W. 673.

En este caso, se ha eliminado por frívola una moción dilatoria. A falta de contestación o *affidavit* de méritos, no existía nada para indicar que la moción de traslado se hizo de buena fe y no meramente con el fin de ulterior dilación. Dadas las circunstancias de este caso la moción de traslado fué tan obviamente frívola que tanto la demandante como la corte estuvieron plenamente justificados en darla por descartada. *A fortiori* la abandonada moción para anular el emplaza-

miento y la moción para eliminar semejante abandonada moción, una vez ya eliminada por frívola, no produjeron un obstáculo para que se registrase sentencia en rebeldía. No se demostró perjuicio alguno y cualquier error cometido no fué perjudicial.

En la demanda se alega en síntesis que la demandada es una sociedad cooperativa mutua de seguros organizada con arreglo a las leyes de Puerto Rico con el fin de ayudar a sus miembros financieramente en casos de accidentes, y a los herederos de los mismos en caso de muerte; que los miembros o socios de la corporación demandada están divididos en dos clases, primera y segunda, y que, en caso de muerte o accidente de un socio de segunda clase, la cuota que tendría que pagar cada socio para que la compañía pudiera ayudar a la víctima o en caso de muerte, a sus herederos, es de un dollar; por información, que creyó correcta la demandante, que a las fechas mencionadas en la demanda la corporación demandada tenía 1,500 socios, todos y cada uno de los cuales pagaron a la demandada la suma de un dollar que hacen un total de $1,500 a cubrir el accidente descrito en la demanda; que Manuel Vázquez desde mayo 14 de 1916 a enero 24 de 1917 fué socio de segunda clase y pagó a la compañía demandada sus derechos de ingreso y hasta la fecha de su fallecimiento, que ocurrió en enero 24 de 1917, cumplió con todas las demás obligaciones que le incumbían como socio de la misma; que el citado Vázquez era agricultor y, en enero 24 de 1917, encontrándose en su trabajo en Añasco, sufrió un síncope y falleció instantáneamente, aviso de lo cual le fué dado en el mismo día a la corporación demandada; que a la fecha de su muerte Manuel Vázquez era el esposo de la demandante, carecía de descendientes legítimos o naturales reconocidos y dejó por única y universal heredera a la demandante, Manuela Muñiz; que a pesar de haber transcurrido más de sesenta días de haber investigado y comprobado la muerte de Manuel Vázquez, dicha demandada no ha pagado a la demandante ni el todo ni parte de los $1,500 que se le de-

bían por razón de dicho accidente como única heredera .de dicho finado, no obstante los requerimientos hechos en ese sentido.

No era preciso se practicase una liquidación o rendición de cuentas. La rebeldía de la demandada admitió todas las materias bien alegadas. La demanda no es quizás un modelo de las de su clase, pero creemos que los hechos expuestos son. suficientes a constituir una causa de acción.

. La sentencia y la orden contra las cuales se ha interpuesto el presente recurso de apelación deben ser confirmadas.

*Confirmadas la sentencia y la resolución apeladas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.