RAQUEL MORALES, demandante y apelada, *v.* RAFAEL TORRES RAMIS, MATILDE M. DE TORRES y SANTIAGO IGLESIAS SILVA, demandados y apelantes.

No. 7188.—*Sometido:* Diciembre 16, 1935.   *Resuelto:* Diciembre 20, 1935.

*G. Cruzado Silva,* abogado del apelante Sr. Iglesias Silva;  *R. Díaz Collazo,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

___
* NOTA: Véase el prefacio.

■ Raquel Morales inició una acción en cobro de dinero contra Rafael Torres Ramis, Matilde M. de Torres y Santiago Iglesias Silva. La acción se basa en un pagaré, que se copia en la demanda, suscrito por los tres demandados, reconociendo deber cierta cantidad a la demandante. El demandado Santiago Iglesias Silva alegó, por medio de excepción previa, que la demanda, como estaba redactada, no aducía hechos suficientes para constituir una causa de acción. La parte demandante solicitó que se dictara sentencia a su favor por tratarse de una excepción a todas luces frívola. El demandado apelante, que no asistió a la vista de la excepción previa, cuando se enteró de la moción del demandante se opuso a la misma, alegando que no debía dictarse sentencia sobre las alegaciones porque se le privaría de aducir buenas defensas al contestar la demanda. La corte inferior dictó sentencia contra el demandado, basándose en las razones que a continuación se expresan:

"Se trata en este pleito de una acción en cobro de dinero que tiene su origen en un pagaré suscrito por los tres demandados. La demanda está jurada por la demandante. El demandado Santiago Iglesias Silva ha comparecido en autos radicando una excepción previa de falta de hechos. Los otros dos demandados están en rebeldía. La demandante pidió al tribunal señaláramos día para la discusión de la excepción previa. En la fecha señalada, la demandante, por su abogado, compareció ante el tribunal y dejó sometida la excepción previa del demandado Santiago Iglesias Silva, pidiendo, por moción escrita, que se dictara sentencia, ya que el fundamento de excepción aducido es a todas luces frívolo y no tiene otro fin que el hacer lo más lenta posible la administración de la justicia en este pleito.

"Hemos estudiado la demanda, la que para los fines del fundamento de excepción aducido, tenemos que considerar como cierta en todos sus hechos. Como antes decimos, se trata de una demanda en cobro de un pagaré, y está debidamente jurada. La demanda, a nuestro juicio, aduce todos los elementos necesarios para esta clase de acciones. Aun cuando el demandado Silva manifiesta que se opone a que se dicte sentencia por las alegaciones, no es por los méritos de las alegaciones que la corte va a dictar sentencia, sino porque tratándose, como se trata, del cobro de una obligación que aparece co-

piada en la demanda, y ésta está debidamente jurada, y por la autoridad de los casos Mora v. Rivera, et al., 25 D.P.R. 493, y Muñoz v. El Cenit, 27 D.P.R. 29, considerando la corte frívolo el fundamento de excepción aducido, resuelve: 1. Declarar sin lugar en todas sus partes el fundamento de excepción de falta de hechos constitutivos de causa de acción en la demanda, y 2, considerando frívolo tal fundamento de excepción, resuelve y decreta declarar con lugar la demanda, con todos los pronunciamientos que en la misma se piden.''

Recurrida la sentencia apelada por el demandado Santiago Iglesias Silva, comparece ahora la demandante solicitando que se desestime, por frívolo, el recurso interpuesto. No hay duda alguna de que la demanda aduce hechos suficientes para constituir una causa de acción. Se alega en la misma la obligación contraída por los demandados y se dice que no obstante haber sido requeridos de pago, no han satisfecho la obligación contraída. La corte inferior estuvo en lo cierto al calificar de frívola y dilatoria la excepción previa presentada.

La sentencia dictada al desestimar la excepción se basa en jurisprudencia sentada por esta corte. En *Mora* v. *Rivera et al.,* 25 D.P.R. 493, se sostiene que cuando un demandado no comparece en el día señalado, al efecto de sostener la excepción previa que presentara alegando que la demanda no aducía hechos suficientes para determinar una causa de acción, está en orden y debe ser declarada con lugar una moción del demandante para que se desestime la excepción y para que se dicte sentencia en contra del demandado si la excepción es frívola y la demanda establece una causa de acción.

Esta doctrina está sostenida por la jurisprudencia de California. En el caso de *Barron* v. *Deleval,* 58 Cal. 95, 97, se dijo lo siguiente, interpretando el artículo 472 del Código de Enjuiciamiento Civil de California, equivalente al 139 del código nuestro:

''El artículo 472 del Código de Enjuiciamiento Civil dispone que cuando una excepción previa a la demanda es desestimada y no se

ha presentado una contestación, podrá la corte, en los términos que estime justos, permitir que se presente una contestación. Y en el caso de Seale v. McLaughlin, 28 Cal. 672, la corte dijo: 'No hubo error en dictar sentencia por falta de contestación al desestimarse la excepción previa. Cuando una excepción a una demanda es desestimada, y no se ha radicado contestación, la corte puede, en los términos que estime justos, y previo pago de las costas, permitir que se radique una contestación. Pero esto no quiere decir que deba hacerse así en todos los casos. De ordinario la corte permitirá indudablemente que se radique la contestación cuando la excepción ha sido interpuesta de buena fe, con alguna razón para suponer que debiera ser sostenida. Pero en este caso no se solicitó permiso para radicar una contestación, y la excepción es manifiestamente frívola e interpuesta simplemente para dilatar, sin ninguna intención de confiar en sus méritos. Es verdad que bajo las circunstancias no se hizo un uso impropio de la misma por los abogados que la presentaron. Pero no hubo error en dictar la sentencia al declarar sin lugar la excepción previa.' ''

En el caso de *Leavell* v. *Superior Court,* 27 Cal. App. 191, se decidió que una corte superior tenía autoridad legal para negar a un demandado el privilegio de radicar una contestación después de haber interpuesto una excepción previa que había sido desestimada, sujeta sin embargo a revisión en caso de un uso arbitrario o irrazonable de la discreción judicial.

La misma doctrina fué sostenida en el caso de *Thornton* v. *Borland,* 12 Cal. 439, 440, donde se dijo lo siguiente:

"El ejercicio del poder depende grandemente de las circunstancias especiales de cada caso, y debe ejercitarse para evitar dilaciones y promover los fines de la justicia.''

██ En el presente caso el demandado apelante no presentó a la corte inferior ninguna razón tendente a demostrar los méritos de cualquier defensa que pudiese interponer. Se limitó a decir que si se dictaba sentencia se le privaría de aducir en su contestación buenas defensas, pero no dijo en qué consistían. En su oposición a la moción solicitando que se desestime la apelación el demandado alega que de la faz

de la obligación contraída no aparece tipo de interés alguno estipulado. Es verdad, pero se convino expresamente el pago de intereses anuales a contar desde la fecha del vencimiento de la obligación y se estipuló además que se pagarían intereses sobre los intereses vencidos. Es claro que si los demandados se obligaron al pago de intereses y no se estipuló el tipo de los mismos, debe satisfacerse el interés legal, que es el 6 por ciento. La obligación original asciende a $654. De la misma se pagaron $100. Hemos computado los intereses, de acuerdo con lo estipulado, sobre la base de los $654, y arrojan una suma superior a la que se pide en la demanda por concepto de intereses. Hemos hecho el cómputo también sobre la base de $554, a contar desde el vencimiento de la obligación hasta la fecha en que se interpuso la demanda, y se pide un pequeño exceso de $6 que probablemente adeudan los demandados. Todo depende de la fecha en que se hizo el abono de los $100 a la obligación principal. El cálculo está hecho de acuerdo con lo estipulado sobre los intereses. No hay razón alguna para sostener el recurso interpuesto. La demanda establecida fué jurada por la parte demandante. El demandado apelante no ha demostrado ni ante la corte inferior ni ante nosotros que tenga una buena defensa contra la reclamación de la demandante. La frivolidad de la excepción previa interpuesta dió lugar a la sentencia de la corte inferior. También por motivos de frivolidad *debe desestimarse el recurso establecido por el demandado apelante.*