RAFAEL CUEVAS ZEQUEIRA, demandante, apelado y apelante, *v.* RAFAEL HERNÁNDEZ USERA, demandado, apelante y apelado.

Núm. 7790.—*Sometido:* Noviembre 18, 1938. *Resuelto:* Diciembre 9, 1938.

*Pedro E. Anglade,* abogado del apelante y apelado; *J. Valldejuli Rodríguez* y *R. Cuevas Zequeira, pro se,* abogados del apelado y apelante.

EL JUEZ ASOCIADO ·SEÑOR WOLF emitió la opinión del tribunal.

Éste es un pleito entablado contra Rafael Hernández Usera por Rafael Cuevas Zequeira, abogado, en cobro de servicios profesionales. El demandado radicó una moción para eliminar el párrafo cuarto de la demanda, que fué declarada sin lugar por la corte inferior. Contemporáneamente el demandado también solicitó un pliego de particu-

lares respecto a los servicios prestádosle por el demandante. Estos servicios fueron la cuestión alegada en el párrafo tercero de la demanda. El demandante radicó un pliego de particulares detallado. Entonces el demandado solicitó se eliminara el párrafo tercero de la demanda sustancialmente por el motivo de que el mismo era o se había convertido en superfluo al ser sustituído por el pliego de particulares. Esta moción fué radicada el 4 de febrero, 1938. El día 9 del mismo mes y año el demandante acudió a la corte inferior y solicitó la anotación de la rebeldía fundándose en que la segunda moción para eliminar era frívola toda vez que se trataba de la misma moción que ya se había declarado sin lugar. La moción de rebeldía fué señalada para vista, mas la moción para eliminar no lo fué y nunca fué oída específicamente como tal por la corte de distrito. En realidad el demandado presentó una oposición a que se anotara la rebeldía, la cual fué llevada a la atención de la corte antes de que ésta dictara una orden sobre la misma. Luego de esta oposición y de concederse una oportunidad para ser oídos sobre la moción de rebeldía la corte ordenó se anotara tal rebeldía, y al mismo tiempo decretó que la segunda moción para eliminar fuese a su vez eliminada por frívola.

En 14 de febrero, 1938, el demandante solicitó se señalara una vista (*inquisition*) para determinar la cuantía de sus honorarios. Tanto antes como después de dicha vista el demandado trató de que se reconsiderara la actuación de la corte y entre otras cosas radicó una moción, presuntivamente bajo el artículo 140 del Código de Enjuiciamiento Civil, solicitando la apertura de la rebeldía. La corte no declaró con lugar ninguna de estas mociones sino que el 21 de mayo, 1938, dictó sentencia en favor del demandante.

En mayo 28 del año en curso el demandado apeló. El demandante solicita la desestimación del recurso por frívolo y en apoyo de su oposición a la moción para desestimar el demandado radicó copia del legajo de la sentencia certificado por el secretario.

■■■ El punto saliente en este caso es que cuando se anotó la rebeldía había pendiente una moción para eliminar el tercer párrafo de la demanda. El procedimiento a seguirse está indicado por la regla 17 del Reglamento para las cortes de distrito, que lee así:

"A cualquier parte que interponga una excepción o moción frívola, con la sola intención de demorar una demanda o contestación, no le será permitido presentar otra alegación, excepto en la forma y manera que disponga la corte, y deberá ser requerida para que presente una declaración jurada de los méritos de su causa o defensa."

Esta regla asume que la corte ha considerado como frívola alguna actuación de una de las partes. La regla presupone que dicha actuación, como por ejemplo la moción para eliminar en este caso, es frívola. Esto da énfasis a nuestra posición. Antes de poderse declarar frívola la moción presentada por cualquier parte, a ella debe dársele oportunidad, en un procedimiento directo, de demostrar que su moción no es en realidad frívola. La vista de una moción para anotar la rebeldía no da a la parte demandada la misma oportunidad. Naturalmente el demandado podía comparecer y oponerse a que se anotara la rebeldía por ese fundamento, pero el dejar de hacer tal comparecencia no afecta sus derechos, asumiendo, conforme lo hacemos, que debe determinarse primero el carácter frívolo de su moción. Refiriéndonos nuevamente a la regla 17 supra, cuyo efecto debe evidentemente invocarse mediante moción, podría decirse que tal regla supone o requiere alguna actuación de la corte contra la parte. La regla además tiene por mira, según su lectura demuestra, que antes de que la parte proceda en un caso deberá radicar un *affidavit* de méritos, lo que es otro indicio de que el demandado debe ser oído. En alguna parte de los procedimientos el demandado en este caso trató de radicar un *affidavit* de méritos sin habérsele solicitado.

Cuando el demandante acudió a la corte pidiendo se anotara la rebeldía, él dijo que la segunda moción para eliminar

era idéntica a la primera. Esto no parece haber sido cierto conforme interpretamos los autos. La segunda moción para eliminar se dirigía contra el tercer párrafo de la demanda, el cual había sido suplementado o quizá sustituído por la radicación de un pliego de particulares. El demandado, conforme ya hemos dicho, sostiene que el tercer párrafo de la demanda se había convertido en superfluo con la radicación del pliego de particulares. La idea de un demandado al radicar una moción para que se elimine determinado párrafo es simplificar su contestación. La misma con frecuencia exige cuidadosa consideración para evitar admisiones, negativas que envuelvan afirmaciones o algo similar. Podemos darnos cuenta de que la demanda tal vez no requería ulteriores eliminaciones, mas al demandado no se le dió una oportunidad efectiva para demostrar que su moción no era frívola.

La segunda moción para eliminar no era una repetición de la primera. No debe asumirse sin la celebración de una vista que la segunda moción para eliminar era dilatoria. El mismo espíritu y contexto de la regla 17 presupone la declaración por parte de una corte, en algún procedimiento instado con tal fin, de que una moción o excepción previa es frívola.

Los casos de *Mora* v. *Rivera,* 25 D.P.R. 493 y *Morales* v. *Iglesias Silva,* 49 D.P.R. 235, que la corte inferior citó, envolvían excepciones previas y sobre éstas hubo una vista. Después de celebrarse la vista de una excepción previa, está dentro de las atribuciones de la corte, discrecionalmente, dar a la parte perdidosa una nueva oportunidad para ser oída, mas también luego de celebrarse la vista de una excepción previa la corte puede resolver definitivamente el caso y dictar sentencia si la justicia del caso así lo requiere.

Conforme hemos dicho, hubo una vista sobre la cuantía de los honorarios que se suponían adeudarse al demandante. El demandado al no comparecer a dicha vista no renunció

ningunos derechos a atacar las conclusiones de la corte a
este respecto. Aún así, los honorarios podrían ser revisa-
dos por este tribunal.

*Debe declararse sin lugar la moción para desestimar.*

El Juez Presidente Señor del Toro no intervino.