CRÉDITO Y AHORRO PONCEÑO, demandante y apelado, *v.* JUAN BAUTISTA ARGUINZONIS, demandado y apelante.

Núm. 7524.—*Sometido:* Diciembre 2, 1938. *Resuelto:* Marzo 10, 1939.

*M. Guzmán Texidor,* abogado del apelante; *M. Marcos Morales,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La demanda en este caso contiene dos causas de acción para la ejecución de dos hipotecas por la vía ordinaria. En

la primera se alega la constitución por el demandado de una hipoteca a favor del Banco demandante por $4,567.30 de capital, $200 para intereses *hasta el pago total* al tipo de 10 por ciento anual, y $200 de crédito adicional, siendo la fecha del vencimiento el 30 de junio de 1934; que dicha hipoteca está debidamente inscrita; que el demandado adeuda a cuenta de esa hipoteca $1,500 de capital, $533.65 por intereses al tipo convenido desde febrero 28, 1931, a septiembre 18, 1934, o sea un total de $2,033.75; que el demandado al ser requerido de pago ha reconocido la deuda, pero no la ha satisfecho ni en todo ni en parte; que la hipoteca está en toda su fuerza y vigor; y que el demandante ha contratado los servicios de su abogado por $200 con cargo al crédito para honorarios y costas.

La segunda causa de acción contiene idénticas alegaciones en cuanto a una segunda hipoteca sobre la misma finca. Se reclama $1,183.75 de capital, $522.76 por intereses al 12 por ciento anual desde marzo 26, 1931, a septiembre 18, 1934, más $300 para honorarios, o sea un total de $2,006.51. Se alega específicamente que el tipo de interés estipulado fué el de 12 por ciento anual "hasta el reembolso total."

El demandado formuló excepción previa en la que alegaba que la demanda no aduce hechos suficientes para constituir causa de acción. Señalada la vista de dicha excepción, el demandado no compareció a sostenerla, pero solicitó un término de 5 días para radicar alegato. El demandante solicitó la desestimación de la excepción previa por ser ésta frívola y que se dictara sentencia de acuerdo con la súplica de la demanda. La corte concedió al demandado cinco días para radicar su alegato. Éste no fué nunca radicado. Y en 15 de febrero de 1937 la corte desestimó la excepción previa, por considerarla enteramente frívola, declaró con lugar la demanda y dictó sentencia a favor del demandante. Solicitada y denegada la reconsideración, el demandado apeló. Discutiremos los cuatro señalamientos de error en el mismo orden en que aparecen en el alegato del apelante.

██ Que la corte erró al dictar sentencia sin resolver la cuestión de derecho planteada por la excepción previa; y al dictarla por el mero hecho de no haber presentado el demandado su alegato.

Es un hecho aceptado que el demandado no compareció a sostener su excepción el día de la vista y que no obstante habérsele concedido un término para presentar alegato dejó pasar el término y no lo presentó. En la excepción previa no se llamó la atención de la corte hacia ningún punto específico que demostrara la insuficiencia de la demanda.

No es cierto que la corte inferior dejara sin resolver la cuestión de derecho—la suficiencia de los hechos alegados en la demanda—levantada por la excepción previa. De la sentencia recurrida copiamos lo que sigue:

"La excepción previa formulada de que la demanda no aduce hechos suficientes para constituir una buena causa de acción es enteramente frívola. Todos los hechos esenciales en una acción de la naturaleza presente aparecen de la demanda. Se trata de una ejecución de hipoteca por la vía ordinaria. La demanda está jurada. Se alega en la misma la obligación contraída por el demandado y se dice que no obstante haber sido requerido de pago no ha satisfecho la obligación contraída en todo ni en parte.

"Cuando se interpone una excepción de esta naturaleza es decir, enteramente frívola, procede cuando se pide que se dicte sentencia. *Morales* v. *Iglesias,* 49 D.P.R. 235."

Debemos desechar como frívola e infundada la alegación del apelante de que él compareció a sostener su excepción previa por medio de un telegrama en el que solicitaba un término para radicar un alegato. Esa alegación tendría algún fundamento si el demandado apelante hubiese radicado un alegato para ayudar a la corte en la resolución de la cuestión por él planteada. Al no presentar el alegato, el demandado apelante quedó en la misma situación de un demandado que deja de comparecer al acto de la vista, revelando con tal conducta un propósito deliberado de obstaculizar y dilatar los procedimientos para el cobro de sus obligaciones.

 Que la corte inferior erró al condenar al demandado a pagar intereses al 10 por ciento anual después de vencida la obligación sin que se probara convenio entre las partes para el pago de intereses a ese tipo después del vencimiento.

El demandante no estaba obligado a probar nada. Alegó en su demanda que en las escrituras de hipoteca se había convenido el tipo de interés al 10 por ciento y al 12 por ciento anual *hasta el pago total* y *hasta el reembolso·total,* respectivamente. Al interponer una excepción previa de falta de hechos suficientes, el demandado admitió como ciertas todas las alegaciones de la demanda. *Gómez* v. *Soto Nussa,* 13 D.P.R. 305, y *Santiago* v. *Clemente,* 31 D.P.R. 587. No habiendo comparecido el demandado a sostener su excepción, estaba en orden y era deber de la corte inferior declarar con lugar la moción del demandante para que se dictara sentencia a su favor, al cumplirse como se cumplen en este caso los requisitos de ley, o sea la evidente frivolidad de la excepción previa y la indiscutible suficiencia de la demanda. *Mora* v. *Rivera,* 25 D.P.R. 493; *Muñiz* v. *El Zenit,* 27 D.P.R. 29; *Morales* v. *Iglesias Silva,* 49 D.P.R. 235; y *Zaragoza* v. *Santiago,* 51 D.P.R. 532, 535. Véase *Goico* v. *Rodríguez et al.,* 28 D.P.R. 530.

Debe desestimarse el tercer señalamiento.

 El cuarto señalamiento se refiere a la suficiencia de los hechos alegados en la segunda causa de acción y se señala como punto específico de insuficiencia el de que en la demanda se alega que las cantidades adeudadas por el demandado están representadas por ciertos pagarés, pero no se dice por quién están suscritos ni a favor de quién están expedidos dichos documentos. Este alegado error debe ser desestimado por carecer en absoluto de méritos. El demandante no estaba obligado a hacer tal alegación sobre la existencia de los pagarés. El pagaré no es otra cosa sino la evidencia de una obligación. La alegación de que se queja el apelante podría ser eliminada por innecesaria (*surplusage*), y aún quedarían

hechos más que suficientes para sostener la segunda causa de acción.

*Por las razones expuestas debe confirmarse la sentencia recurrida.*

El Juez Presidente Sr. Del Toro no intervino.